# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LILLIETTE LIZARDI,**

       **Plaintiff,**

v.                                                                                                  Case No:   6:15-cv-794-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Lilliette Lizzardi (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits ("DIB"). Doc. No. 1. Claimant alleges an onset of disability as of September 1, 2011, and Claimant is insured for DIB through December 31, 2015. R. 18, 155. Claimant alleges disability primarily due to lupus, depression, rheumatoid arthritis, and migraine headaches. R. 94, 103. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: (1) assigning significant weight to the opinions of the physical consultative physicians, Drs. Carol Grant and William Newsome, but then failing to find Claimant's subjective complaints credible; (2) failing to state with particularity the weight given and the reasons therefor to the opinion of Julio L. Sotolongo, M.D.; (3) failing to pose a hypothetical question to the Vocational Expert ("VE") that included all of Claimants functional limitations; and (4) failing to articulate explicit and adequate reasons, supported by substantial evidence, for finding the Claimant's subjective allegations only partially credible. Doc. No. 26 at 8-23. For the reasons that follow, the Commissioner's final decision is **AFFIRMED**.

## I. THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer

would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS.

#### A. Medical Opinion Evidence.

Claimant argues the ALJ made the following two errors with respect to the medical opinion evidence: (1) although the ALJ stated she gave "significant weight" to the opinions of the physical consultative examining physicians, Drs. Grant and Newsome, Claimant maintains the ALJ erred because, if she had done so, she would have accepted Claimant's subjective statements about her limitations; and (2) the ALJ failed to state with particularity the weight given and the reasons therefor to Dr. Sotolongo's September 18, 2012 opinion. Doc. No. 26 at 8-14. At step-two of the sequential evaluation process, the ALJ found the Claimant's following impairments are severe: systemic lupus erythematosus, rheumatoid arthritis, migraine headaches, obesity, and an affective disorder. R. 18. Based upon her review of the medical record, the ALJ determined that Claimant has the following residual functional capacity assessment (the "RFC"):

> [C]laimant has the [RFC] to perform a reduced range of sedentary work. . . . The claimant can perform lifting and/or carrying of 10 pounds occasionally, standing and/or walking a total of 2 out of 8 hours, sitting a total of 6 out of 8 hours, and can perform postural activities occasionally, with no climbing of ladders, ropes, or scaffolds. She may need to use a cane for walking over 100 feet in

> distance at a time, and needs to avoid concentrated exposure to temperature extremes of cold, as well as vibration, and work hazards. She can perform simple, routine, tasks with sufficient concentration, persistence, and pace to perform such tasks in 2-hour increments, with a normal lunch and breaks, one in the morning and one in the afternoon. It is noted that the claimant does not speak English.

R. 20. Thus, the ALJ concluded that Claimant can perform a reduced range of sedentary work, but Claimant can only walk without a cane for approximately 100 feet, and can stand and/or walk for a total of 2 hours in an eight-hour workday. R. 20.

The ALJ's decision does not address or state the weight given to Dr. Sotolongo's September 18, 2012 opinion. R. 16-26. In making her RFC finding, the ALJ provided a good summary of Dr. Newsome's consultative examination findings, but did not specifically address Dr. Grant's examination. R. 20-24. Nevertheless, the ALJ assigned significant weight to Drs. Grant and Newsome's opinions, stating:

> The [ALJ] awards significant weight to the physical findings of Dr. Grant and Dr. Newsome (Exhibits 7F, 8F) because their findings were based on their examinations of the claimant and are consistent with the record as a whole, especially the claimant's level of and response to treatment.

R. 24. Thus, the ALJ gave significant weight to their opinions because they were based upon examination findings and they are consistent with the record as a whole. R. 24.

    (1)    Drs. Grant and Newsome's Opinions.

Neither Dr. Grant nor Dr. Newsome expressed an opinion concerning Claimant's functional limitations. R. 290-93 (Dr. Grant), 294-98 (Dr. Newsome). Instead, they confirm Claimant's medically determinable impairments of rheumatoid arthritis, systemic lupus erythematosus, migraine headaches, and depression. R. 290, 293-94, 298. Their physical examinations revealed largely benign results, including: 5/5 strength throughout Claimant's upper and lower extremities; negative straight leg testing; no edema or swelling; decreased range of

motion in shoulders and left ankle; normal to mildly antalgic gait; and normal neurological testing. R. 290-98. In addition, Dr. Newsome noted that Claimant can walk for 100 feet without the use of cane. R. 297. Thus, the Court finds no direct conflict between the ALJ's RFC and the opinions of Drs. Grant and Newsome.

Claimant's argument that the ALJ erred in giving significant weight to the opinions of Drs. Grant and Newsome, but then rejected Claimant's subjective statements about her limitations, is premised on the fact that those doctors' evaluations state that Claimant's subjective complaints are consistent with the objective medical evidence. R. 293, 298. Based on those statements, the Claimant maintains the ALJ was required to find Claimant's subjective allegations credible because the ALJ gave their opinions significant weight. Doc. No. 26 at 11. The Court disagrees. "[C]redibility determinations are the province of the ALJ," and the ALJ specifically found "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible (R. 21)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also* R. 21-24 (ALJ's reasons for finding Claimant's subjective statements only partially credible). Therefore, while the physicians' statements finding Claimant's complaints were consistent with the medical evidence are favorable for Claimant, they do not bind the ALJ in any respect, so long as the ALJ articulates explicit and adequate reasons for the ALJ's credibility determination. In this case, consistent with the medical opinions at issue, the ALJ found Claimant's medically determinable impairments could reasonably be expected to cause Claimant's alleged symptoms, but then found Claimant's statements regarding her limitations to be not entirely credible. Accordingly, the Claimant's argument that the ALJ was required to credit Claimant's own statements regarding her limitations is rejected. The ALJ's

credibility finding regarding Claimant's subjective testimony about her limitations will be addressed below.

(2) Dr. Sotolongo's Opinion.

The September 18, 2012, opinion from Dr. Sotolongo that Claimant relies upon is set forth in an Application for Disabled Person Parking Permit (the "Application").  Doc. No. 302.  The Application states that Claimant is entitled to a disabled person's parking permit from September 18, 2012 to September 18, 2013 because Claimant has a "[s]evere limitation in [the] ability to walk due to an arthritic, neurological, or orthopedic condition."  R. 302.  The Application is a check-box form and it does not provide any information about Claimant's diagnosis, prognosis or the precise extent of her serious limitation in the ability to walk.  R. 302.  As set forth above, the ALJ's decision did not address Dr. Sotolongo's opinion.

In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  Nevertheless, where a medical opinion does not directly contradict the ALJ's RFC, the failure to state the weight given to it is a harmless error.

In *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. Nov. 3, 2005), the Eleventh Circuit found as follows:

> Although the ALJ did not explicitly state what weight he afforded the opinions of Hahn, Fritz, Shivashankara, and Gornisiewicz, none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless. *See Diorio* [*v. Heckler*, 721 F.2d [726, 728 (11th Cir. 1983)]. That is, while each of these doctors found that Wright suffered from chronic pain or conditions associated with chronic pain, not one of these doctors indicated that Wright is unable to perform sedentary work as a result of that pain.

*Id*.[1]  Thus, if Dr. Sotolongo's opinion does not directly contradict the ALJ's RFC finding, any error by the ALJ in failing to state the weight given to it is harmless. *Id*.

The ALJ's RFC specifically finds that Claimant cannot walk more than 100 feet without the use of a cane and cannot stand and/or walk for more than 2 hours in an 8-hour workday. R. 20. Dr. Sotolongo opined that Claimant is severely limited in her ability to walk. R. 302. An inability to walk more than 100 feet without a cane or to walk more than 2 hours in an 8-hour workday is a severe limitation in Claimant's ability to walk. Thus, the Court finds that Dr. Sotolongo's opinion does not directly conflict with the ALJ's RFC. Accordingly, the Court finds that the ALJ's failure to state with particularity the weight given to Dr. Sotolongo's opinion is harmless.[2]

### B. ALJ's Hypothetical Question.

Claimant argues that the ALJ erred by failing to pose a hypothetical question that contained

---

[1] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority. *See* 11th Cir. R. 36-2.

[2] Claimant also argues that the ALJ erred by failing to state the weight given to medical opinions contained in certain treatment notes from the Osceola County Health Department and the Orlando Family Medical Clinic. Doc. No. 26 at 11-13. The Court has reviewed the treatment notes cited by Claimant in the joint memorandum on appeal and finds that none of those records contain medical opinions as defined under *Winschel*, 631 F.3d at 1178-79. According, Claimant's argument with respect to those records is without merit.

all of Claimant's functional limitations. Doc. No. 26 at 15-17. However, Claimant's argument is expressly contingent upon the Court finding that the ALJ erred with respect to one of the medical opinions addressed above. *Id*. at 16-17. Since the ALJ did not err with respect to those medical opinions, Claimant's argument necessarily fails.

### C. Credibility.

Claimant argues that the ALJ erred by failing to articulate explicit and adequate reasons for finding Claimant's subjective allegations only partially credible. Doc. No. 26 at 18. Claimant maintains that the ALJ merely provided a boilerplate statement regarding Claimant's subjective allegations of pain. Doc. No. 26 at 21 (citing R. 21). To the contrary, the ALJ's decision thoroughly explains the reasons for the ALJ's credibility determination. R. 21-24. For example, in one paragraph, the ALJ states the following:

> After a review of the claimant's medical record, the [ALJ] finds the claimant's allegations and testimony to be only partially credible. The medical evidence is sporadic and conservative in nature. It does not establish headaches, weakness, fatigue, pain, depression, or any other symptom of the level and severity that would result in debilitating limitations. The medical evidence shows the claimant has been treated with medication and does not establish any medication side effects that would result in debilitating limitations and the claimant does not require use of a brace on the upper or lower extremities. The claimant uses a cane for walking but is able to walk for less [than] 100 feet at one time without the assistive device. The imaging studies in the record are mostly benign and show minimal to no findings.

R. 23. Thus, the ALJ articulated explicit and adequate reasons for finding Claimant's subjective allegations only partially credible. R. 21-24. The Claimant's argument ignores the reasons the ALJ articulated for her credibility finding. According, Claimant's argument is rejected.

### IV. CONCLUSION.

For the reasons stated above, it is hereby **ORDERED** that:

1. **The Commissioner's final decision is AFFIRMED**;

2. The Clerk is directed to enter judgment in favor of the Commissioner and against the Claimant, and to close the case.

**DONE and ORDERED** in Orlando, Florida on June 10, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
Courtroom Deputy